PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS V. LORAN III (SBN 95255)
thomas.loran@pillsburylaw.com
ELYSSA J. ROMINO (SBN 312922)
elyssa.romino@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Fax: (415) 983-1200

Attorneys for Plaintiffs
THE INTERNATIONAL REFUGEE ASSISTANCE PROJECT
MUSLIM ADVOCATES
THE ACLU OF NORTHERN CALIFORNIA

*(Additional Counsel listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INTERNATIONAL REFUGEE ASSISTANCE PROJECT, MUSLIM ADVOCATES, and THE ACLU OF NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, and U.S. DEPARTMENT OF STATE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 *et seq.*** |

## INTRODUCTION

1. The Trump Administration has radically restricted the admission of refugees to our country. To support its policies, the Administration has sought to demonize refugees by repeatedly making unfounded accusations that refugees present a threat to national security. In turn, refugees report being targeted for increased surveillance and criminal investigation. On February 25, 2019, Plaintiffs, a coalition of organizations concerned about these developments, submitted a request under the Freedom of Information Act to the Federal Bureau of Investigation ("the FBI"), the U.S. Department of Homeland Security ("DHS"), the U.S. Department of Justice ("DOJ"), and the U.S. Department of State ("DOS") (collectively, "Defendants") seeking information related to the targeting of refugees resettled in the United States.

2. Plaintiffs' FOIA request seeks, *inter alia*, policies, communications, and data pertaining to the surveillance and criminal investigation of refugees in the United States. Plaintiffs' request stemmed from concern over the Administration's longstanding and publicly expressed antagonism towards refugees, beginning with President Trump's campaign promise to ban refugees and Muslims from entering this country and continuing with his multiple attempts to severely limit and in some instances outright halt refugee admissions. The Administration has frequently claimed that refugees are national security threats and has made the unsubstantiated claim that hundreds of refugees are under investigation for potential terrorism-related activities.

3. Plaintiffs have no doubt that recent drops in refugee admissions, and in particular admissions of Muslim refugees, are driven by the current Administration's virulent anti-refugee sentiment. Through their request Plaintiffs sought to understand the pernicious effects of government surveillance and investigation of refugee communities and requested information desperately needed to quell the fear and uncertainty that the Administration's rhetoric has created in these communities. Plaintiffs' requests are limited in scope, based on detailed definitions, and seek records from a defined period.

4. The basic purpose of FOIA is to ensure an informed citizenry and promote government accountability through transparency.[1] Yet over six months after Defendants received Plaintiffs' request, Defendants have failed to disclose a single record.

5. Accordingly, Plaintiffs seek declaratory and injunctive relief to remedy Defendants' blatant disregard for their obligations under the FOIA, which has improperly shielded records regarding a matter of urgent public concern from public disclosure.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).

7. Venue is proper in this district pursuant to pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). Venue is proper because Plaintiff ACLU of Northern California is based in and has its principal place of business in this district and because a substantial portion of the events giving rise to this action occurred in this district.

## INTRADISTRICT ASSIGNMENT

8. Assignment to the San Francisco Division of this Court is proper under Civil Local Rule 3-2I, (d) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, and continues to occur, in the City and County of San Francisco.

## PARTIES

9. Plaintiff International Refugee Assistance Program ("IRAP") is a nonpartisan human rights organization and a 501(c)(3) entity. IRAP organizes law students and lawyers to advocate for and advance the legal rights of refugees and displaced persons. IRAP engages in systemic policy advocacy, impact litigation, direct legal aid, and strategic communications to serve the world's most vulnerable and persecuted individuals and to empower the next generation of human rights leaders.

---

[1] *See* https://www.justice.gov/archives/open/foia.

10. Plaintiff Muslim Advocates ("MA") is a national civil rights organization working in the courts, in the halls of power and in communities to halt bigotry in its tracks and ensure that all Americans may live free from hate and discrimination.

11. Plaintiff the ACLU of Northern California ("ACLU-NC") is an affiliate of the American Civil Liberties Union, a national, non-profit, non-partisan organization with the mission of protecting civil liberties from government incursions, safeguarding basic constitutional rights, and advocating for open government. ACLU-NC is established under the laws of the state of California and is headquartered in San Francisco, California. ACLU-NC has approximately 169,000 members. In support of its mission, ACLU-NC uses its communications department to disseminate to the public information relating to its mission, through its website, newsletters, in-depth reports, and other publications.

12. Defendant the FBI is a federal agency within the meaning of 5 U.S.C. § 552(f). The FBI is responsible for both investigative activities and law enforcement to promote U.S. national security interests. The FBI is a component agency of Defendant DOJ. The FBI has possession of, and control over, the information Plaintiffs seek through their FOIA Request.

13. Defendant DHS is a federal agency within the meaning of 5 U.S.C. § 552(f). DHS is the executive department responsible for enforcing federal immigration laws. DHS has possession of, and control over, the information Plaintiffs seek through their FOIA Request.

14. Defendant DOJ is an executive department of the United States federal government and a federal agency within the meaning of 5 U.S.C. § 552(f). DOJ is responsible for enforcing the law and administration of justice in the United States. DOJ has possession of, and control over, the information Plaintiffs seek through their FOIA Request.

15. Defendant DOS is a cabinet department of the United States federal government and a federal agency within the meaning of 5 U.S.C. § 552(f). DOS's stated

vision is to promote and demonstrate democratic values and advance a free, peaceful, and prosperous world. DOS's Bureau of Population, Refugees, and Migrations manages the U.S. Refugee Admissions Program in cooperation with Defendant DHS. DOS has possession of, and control over, the information Plaintiffs seek through their FOIA Request.

## STATUTORY FRAMEWORK

16. The Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") requires all federal agencies to search for and disclose government records which are requested by a member of the public, subject to certain narrow exceptions. 5 U.S.C. §§ 552(a)(3)(A), (C); 552(b)(1)-(b)(9).

17. Compliance with FOIA's disclosure obligations supports government transparency and accountability. Federal agencies must respond to FOIA requests within twenty business days after receipt, although the deadline may be extended an additional ten working days with written notice "[i]n unusual circumstances." *Id.* § 552(a)(6)(A)-(B).

18. The agency's written response must state whether it will comply with the FOIA request, indicate the reasons for that determination, and provide information regarding the process by which a requester may appeal an agency's adverse determination. *Id.* § 552(a)(6)(A)(i).

19. A FOIA requestor's administrative remedies are deemed exhausted due to an agency's failure to properly respond within FOIA's statutory time limits. *Id.* § 552(a)(6)(C)(i).

20. Upon an agency's failure to meet its obligations, a district court may order the production of those records responsive to the FOIA request. *Id.* § 552(a)(4)(B).

## FACTS

***The Trump Administration's Anti-Refugee Rhetoric and Antagonism Towards Refugees***

21. Starting even before he was elected, President Trump expressed anti-refugee sentiment and antagonized refugees living in and coming to this country. On the campaign trail, then-candidate Trump promised to ban refugees and Muslims entirely. In his first week in office, President Trump signed Executive Order 13769, which suspended the U.S. Refugee Admissions Program for 120 days, indefinitely barred Syrian refugees, and attempted to slash the refugee admissions cap for Fiscal Year 2017 in half.

22. Following numerous successful legal challenges, the Administration replaced Executive Order 13769 with Executive Order 13780. This new order, among other things, again suspended all refugee admissions for 120 days. When that period ended, the Administration imposed *another* 90-day ban on refugees from eleven countries (nine of which are reported to be predominantly Muslim) and indefinitely suspended processing and admission of all Follow-to-Join refugees. Plaintiffs have been involved in various court challenges to each iteration of President Trump's refugee bans.

23. Not surprisingly, the Administration's actions have severely limited refugee admissions. The number of refugees admitted under the Trump Administration has plummeted, and disproportionately so for Muslim refugees. The President's latest Report to Congress for Fiscal Year 2020 proposed an unprecedented low refugee admissions goal of less than 20 percent of the historical average.

24. Plaintiffs are concerned that recent drops in refugee admissions, and in particular admissions of Muslim refugees, are driven by the Trump Administration's fierce antagonism towards refugees, which is reflected in its virulent anti-refugee rhetoric. The Trump Administration has frequently claimed that refugees are national security threats, has claimed that hundreds of refugees are being investigated for potential terrorism-related activities, and has suggested that refugees should be under criminal surveillance.

***Plaintiffs' FOIA Request***

25. On February 25, 2019 Plaintiffs submitted a FOIA request (the "Request") to Defendants via certified mail. A copy of Plaintiffs' FOIA request is attached hereto as Exhibit A.

26. Through 12 individually numbered requests, the Request sought records pertaining to the criminal investigation and surveillance of refugees and any related communications; records relating to various forms of FBI intelligence gathering about refugees living in the U.S.; records relating to then-Attorney General Jeff Session's March 6, 2017 statement that "more than 300 people, according to the FBI, who came as refugees are under an FBI investigation;" records and policies pertaining to how surveillance or criminal investigations of refugees residing in the United States affects their applications for refugee status, adjustment of status, or citizenship; and records provided by DHS or DOS to the Senate Judiciary Committee in response to an August 20, 2018 letter from Sen. Chuck Grassley. Plaintiffs also sought a fee waiver. *See id.*

27. The Request included detailed definitions that clarified the scope of individuals requests, and was limited in time, seeking records only from the relevant time frame of January 19, 2017 to the present. *See id.*

28. Plaintiffs believe the requested records will significantly contribute to the public understanding of the government's treatment of and policies pertaining to refugees and will help dispel confusion and fear in refugee and other immigrant communities, which has resulted from the Administration's explicitly anti-refugee rhetoric and policies.

***Defendants' Responses and Plaintiffs' Appeals***

<u>DHS's Constructive Denial and Plaintiffs' Appeal</u>

29. DHS received the Request on March 1, 2019 and acknowledged receipt two weeks later on March 18, 2019. DHS assigned the Request reference number 2019-HQFO-00491. A copy of DHS's March 18 acknowledgment letter is attached hereto as Exhibit B.

30. DHS's acknowledgment letter asserted that it had determined that the Request was "too broad in scope or did not specifically identify" the records sought. The letter did not, however, identify which requests were too broad as opposed to which requests did not specifically identify the records sought. Although DHS stated that its response was "not a denial" of the Request, DHS suggested that Plaintiffs resubmit their Request, and informed Plaintiffs that their Request would be administratively closed if they did not do so within 30 days. DHS did not respond to Plaintiffs' request for a fee waiver. *See* Exhibit B.

31. Plaintiffs appealed DHS's determination and denial of their request for a fee waiver via email and certified mail. A copy of Plaintiffs' appeal letter to DHS is attached as Exhibit C.

32. In their appeal, Plaintiffs indicated that they were open to working with DHS to understand the specific information it needed to allow a search of agency records that would result in the identification of responsive information. Plaintiffs also indicated that they were open to reformulating portions of the Request with DHS's input. *See* Exhibit C.

33. Three months later, on September 17, 2019, DHS[2] partially affirmed its original determination. A copy of DHS's appeal response is attached hereto as Exhibit D. DHS affirmed its determination that requests 1, 2, 3, 6, 7, 8, 9, 10, and 11 are "overbroad and not reasonably described." It remanded requests 4, 5, and 12 for further consideration within 30 days. *See* Exhibit D.

34. Despite DHS's unsupported opinion, *all* of Plaintiffs' requests are narrow in scope and sufficiently detail the records sought such that DHS should be able to locate them with reasonable effort. Moreover, DHS provided no basis – beyond inapplicable, boilerplate recitations of FOIA's specificity requirement – for its determination that

---

[2] The United States Coast Guard Office of the Chief Administrative Law Judge rendered the official appeal decision on behalf of DHS pursuant to a memorandum of understanding between those agencies. For simplicity, Plaintiffs refer to "DHS" in describing the appeal response.

Plaintiffs' requests 1, 2, 3, 6, 7, 8, 9, 10, and 11 are insufficient. Accordingly, DHS has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiffs specifically requested in requests 1, 2, 3, 6, 7, 8, 9, 10, and 11. 5 U.S.C. §§ 552(a)(3)(A).

35. As of the filing date of this Complaint DHS has not made a revised determination on requests 4, 5, and 12. Plaintiffs do not currently dispute DHS's appeal determination as to those requests. As of the filing date of this Complaint, DHS has not made a revised determination on requests 4, 5, and 12, despite the expiration of its 30-day deadline by which to do so. By failing to timely make a further determination on requests 4, 5, and 12, DHS has constructively denied those requests. Accordingly, DHS has violated FOIA's mandate to release agency records Plaintiffs specifically requested in requests 4, 5, and 12. 5 U.S.C. §§ 552(a)(3)(A). Due to DHS's failure to adequately support its disclosure determinations as to individual requests 1, 2, 3, 6, 7, 8, 9, 10, and 11 and its failure to timely make further determinations as to individual requests 4, 5, and 12 Plaintiffs are entitled to relief against DHS to enforce each of the individual requests in the Request.

The FBI's Denials and Plaintiffs' Appeal

36. On March 11, 2019 the FBI acknowledged receipt of Plaintiffs' Request and assigned each individually numbered request a separate reference number.[3] For all but one of the requests, FBI determined that the requests either did not "contain enough descriptive information to permit a search of [its] records," or were "not searchable." The FBI indicated that requests 4 and 5 (Reference No. 1430692-000) had been received for processing. The FBI also indicated that Plaintiffs' request for a fee waiver was under

---

[3] The FBI assigned the requests reference numbers as follows: NFP-105033 (request 1), NFP-105035 (request 2), NFP-105036 (request 3), NFP-105037 (request 6(a)), NFP-105038 (request 6(b)-(c)), NFP-105039 (request 6(d)-(e)), NFP-105040 (request 6(f)-(g)), NFP-105041 (request 7), NFP-105042 (request 8), NFP-105043 (request 9), NFP-105044 (request 10), andNFP-104045 (request 11). *See* Exhibits E-1 to E-3; E-5 to E-13, respectively. The FBI assigned requests 4 and 5 reference number 1430692-000. *See* Exhibit E-4. The FBI failed to respond to request 12.

consideration. Copies of the FBI's acknowledgement letters are attached hereto as Exhibits E-1-E-13.

37. Plaintiffs appealed the FBI's determinations as to requests 1-3 and 6-12 via email and certified mail on May 30, 2019. A copy of Plaintiffs' appeal letter to the FBI is attached hereto as Exhibit F.

38. As with their appeal to DHS, Plaintiffs indicated that they were open to working with the FBI to understand the specific information it needed to allow a search of its records that would result in the identification of responsive information. Plaintiffs also indicated that they were open to reformulating the requests that the FBI indicated were "not searchable" and asked that the FBI contact them to discuss such reformulation. *See* Exhibit F.

39. On July 12, 2019 the Department of Justice's Office of Information Policy ("DOJ OIP")summarily affirmed the FBI's original withholding of records due to its determination that requests 1-3 and 6-12 lack "sufficient identifying information that could be used by the FBI to conduct a search of its database and file systems" in part because the records "are not indexed by the FBI in the manner described." *See* Exhibit G, 7/12/2019 FBI Appeal Denial.

40. DOJ-OIP provided no further explanation of what sort of information the FBI would need to search its databases and no basis – beyond inapplicable, boilerplate recitations of FOIA's specificity requirement – for its determination that Plaintiffs' requests 1-3 and 5-12 are insufficient. Accordingly, the FBI has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiffs specifically requested in individual requests 1-3 and 6-12. 5 U.S.C. § 552(a)(3)(A).

41. On August 29, 2019 DOJ OIP wrote to Plaintiffs regarding request 4, FBI Reference No. 1430692 (requests 4 and 5). Although Plaintiffs had not appealed the FBI's response as to these requests DOJ-OIP indicated it was writing in response to an appeal and assured Plaintiffs that "the FBI is currently processing your clients' request." DOJ-OIP did

not state whether the FBI had made a determination on requests 4 and 5 and provided no timeline for when it may do so. The letter made no reference to determinations on individual requests that Plaintiffs *did* appeal. *See* Exhibit H, 8/29/2019 DOJ-OIP Letter.

42. According to the FBI's online FOIA status portal, the FBI has "identified potential responsive information" for requests 4 and 5 and "awaits assignment to a Government Information Specialist (GIS) for further processing." As of the date of the filing of this Complaint, the FBI has provided no further information regarding the status of request 4 of the Request and has made no determination on request 4. By failing to timely make a determination on requests 4 and 5 of the Request, the FBI has constructively denied request 4.

43. Plaintiffs have therefore exhausted the applicable administrative remedies with respect to requests 4 and 5 under 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(6)(C).

44. By failing to timely respond to and constructively denying requests 4 and 5 of the Request the FBI has violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiffs specifically requested in individual requests 4 and 5. 5 U.S.C. § 552(a)(3)(A).

45. Due to the FBI's failure to adequately support its disclosure determinations as to individual requests 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12, and its failure to timely make a determination as to individual requests 4 and 5, Plaintiffs are entitled to relief against FBI to enforce each of the individual requests in the Request.

<u>DOS's Constructive Denial and Plaintiffs' Appeal</u>

46. On June 16, 2019, after having received no response from DOS, Plaintiffs appealed DOS's constructive denial of the Request and their request for a fee waiver. A copy of Plaintiff's appeal letter to DOS is attached hereto as Exhibit I.

47. On July 3, 2019 DOS responded to Plaintiffs' appeal and assigned the Request case number F-2019-04119. DOS confirmed that the Request was "being processed" but provided no information regarding the status of the Request and made no

determination on the Request. DOS also contended that the Request was "not subject to appeal" because "no specific material has been denied." *See* Exhibit J, DOS Appeal Response.

48. As of the date of the filing of this Complaint, DOS has provided no further information regarding the status of the Request. By failing to make a determination on the Request under the FOIA's prescribed timeline, DOS has constructively denied it.

49. Plaintiffs have therefore exhausted the applicable administrative remedies with respect to their Request to DOS. *See* 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(C).

50. By failing to timely respond to and constructively denying the Request in its entirety DOS has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(3)(A). Plaintiffs are therefore entitled to relief against DOS to enforce the Request in its entirety.

<u>DOJ's Constructive Denial and Plaintiffs' Appeal</u>

51. On March 29, 2019 DOJ acknowledged receipt of Plaintiffs' Request and assigned it reference number DOJ-2019-002653. DOJ also indicated that it would need an extension of time to respond to the Request "beyond the ten additional days provided by statute" because responding to the Request would require a search in and/or consultation with another Office. *See* Exhibit K, DOJ Extension Letter.

52. After hearing nothing further from DOJ for nearly three months Plaintiffs sent a follow up letter on June 19, 2019. *See* Exhibit L, June 19, 2016 Follow Up Letter to DOJ. In it, Plaintiffs requested an update on the status of Plaintiffs' Request and an anticipated timeline for DOJ's response.

53. On June 27, 2019 DOJ emailed Plaintiffs and stated that it had not yet located any records responsive to the Request and it expected that an initial search would take "at least several months" to complete. DOJ indicated that it would reach out to Plaintiffs again upon completion of its initial review of the material. *See* Exhibit M, June 27, 2019 DOJ Email.

54. Concerned about the uncertainty as to the timeline of DOJ's determination on the Request, Plaintiffs responded in writing on July 23, 2019 and again sought an anticipated timeline for DOJ's response. Plaintiffs also asked that DOJ provide determinations and responsive records on a rolling basis and identify specific requests it could prioritize. *See* Exhibit N, July 23, 2019 Letter to DOJ.

55. On July 26, 2019 DOJ indicated that its record search was "ongoing" and confirmed that it would provide interim responses to the Request as it makes disclosure determinations. *See* Exhibit O, July 26, 2019 DOJ Email.

56. As of the date of the filing of this Complaint, DOJ has provided no further information regarding the status of the Request and has made no determination the Request. Notwithstanding DOJ's "processing" of the Request, by failing to make any determination on the Request nearly six months after it was submitted, DOJ has constructively denied it.

57. Plaintiffs have therefore exhausted the applicable administrative remedies with respect to the Request under the FOIA. *See* 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(C).

58. By failing to timely respond to and constructively denying the Request in its entirety, DOJ has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(3)(A).

59. Plaintiffs are therefore entitled to relief against DOJ to enforce the Request in its entirety.

## CLAIM FOR RELIEF

## Violation of the FOIA

## (5 U.S.C. §§ 552(a)(3), 552(a)(4), 552 (a)(6))

60. Plaintiffs reallege and incorporate each of the foregoing allegations as if fully set forth herein.

61. Plaintiffs have a right under FOIA to obtain the specific agency records sought in the Request, and Defendants have no legal basis for their failure to promptly make the requested records and information available.

62. Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to the FOIA Request.

63. Defendants have violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to the FOIA Request.

64. Defendants have violated 5 U.S.C § 552(a)(3)(B)-(D) by failing to conduct an adequate search of records responsive to the FOIA Request.

65. Defendants DOS, DOJ, the FBI (as to individual requests 4 and 5) and DHS (as to revised determinations for individual requests 4, 5, and 12) have violated 5 U.S.C. §§ 552(a)(4)(A)(iii); 552(a)(6)(A)(i) by failing to make a determination regarding Plaintiffs' FOIA Request and request for a fee waiver within the governing statutory time limit.

66. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records, in whole or in part, in violation of FOIA. Plaintiffs will suffer irreparable injury from, and have no adequate remedy for, Defendants' illegal withholding of government documents subject to its FOIA Request.

67. Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA.

\\

\\

\\

\\

\\

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs herewith pray for the following relief:

(a) For a judicial declaration confirming that Defendants' failure to disclose the records requested by Plaintiffs as alleged herein is unlawful;

(b) For a judicial declaration confirming the Defendants' DOS, DOJ, and FBI (as to individual requests 4 and 5) constructive denial of Plaintiffs' Request is unlawful;

(c) For injunctive relief ordering Defendants to immediately and expeditiously (i) produce to Plaintiff all non-exempt responsive documents covered by Plaintiffs' FOIA Request as alleged herein, and (ii) submit a detailed descriptive index justifying Defendants' withholding of any responsive documents within fourteen calendar days of the final production, *see generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973);

(d) For Plaintiff's reasonable attorney's fees and litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(e) For such other relief as the Court may deem just and proper.

Dated: October 21, 2019

Respectfully Submitted:

PILLSBURY WINTHROP SHAW PITTMAN LLP

By /s/ Thomas V. Loran III
Thomas V. Loran III
Elyssa J. Romino

Attorneys for Plaintiffs

**ADDITIONAL COUNSEL**

MUSLIM ADVOCATES
MATTHEW W. CALLAHAN (SBN 307782)
matthew@muslimadvocates.org
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 897-2622
Fax: (202) 508-1007

INTERNATIONAL REFUGEE ASSISTANCE PROJECT
MELISSA L. KEANEY (SBN 265306)
mkeaney@refugeerights.org
PO Box 2291
Fair Oaks, CA 95628
Telephone: (916) 546-6125

ACLU OF NORTHERN CALIFORNIA
SEAN RIORDAN (SBN 255752)
SRiordan@aclunc.org
39 Drumm Street
San Francisco, CA 94105
Telephone: (415) 621-2493
Fax: (415) 255-1478