1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  J. WESLEY SAMPLES (CABN 321845)
   Assistant United States Attorney
4
         450 Golden Gate Avenue, Box 36055
5        San Francisco, California 94102-3495
         Telephone: (415) 436-7073
6        Fax: (415) 436-6748
         wes.samples@usdoj.gov
7
8  Attorneys for Defendants

9
   PILLSBURY WINTHROP SHAW PITTMAN LLP
10 THOMAS V. LORAN III (SBN 95255)
   thomas.loran@pillsburylaw.com
11 ELYSSA J. ROMINO (SBN 312922)
   elyssa.romino@pillsburylaw.com
12 Four Embarcadero Center, 22ndFloor
   San Francisco, CA 94111
13 Telephone: (415) 983-1000
   Fax: (415) 983-1200
14
   Attorneys for Plaintiffs
15
   *(Additional Counsel listed on signature page)*
16

17
                    UNITED STATES DISTRICT COURT
18
                  NORTHERN DISTRICT OF CALIFORNIA
19
                     SAN FRANCISCO DIVISION
20

21 THE INTERNATIONAL REFUGEE          )   CASE NO. 3:19-cv-06809-MMC
   ASSISTANCE PROJECT, ET AL.,        )
22                                     )   **JOINT STATUS REPORT**
         Plaintiffs,                   )
23                                     )
      v.                               )
24                                     )
   FEDERAL BUREAU OF INVESTIGATION,    )
25 ET AL.,                             )
                                       )
26       Defendants.                   )
                                       )
27

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                          1

1    Pursuant to Court's instruction at the February 14, 2020 Initial Case Management Conference,

2  the parties submit the following joint status report.  *See* Dkt. Nos. 24, 25, 26.  The parties have

3  previously submitted two joint status reports.  *See* Dkt. Nos. 29 and 30.

4  **I.    Background**

5    On February 25, 2019, Plaintiffs the International Refugee Assistance Project ("IRAP"), Muslim

6  Advocates ("MA"), and ACLU of Northern California ("ACLU") (collectively, "Plaintiffs") submitted a

7  FOIA Request (the "FOIA Request") to four Defendants: the Federal Bureau of Investigation ("FBI");

8  the United States Department of Homeland Security ("DHS"); the United States Department of Justice

9  ("DOJ-OIP"); and the United States Department of State ("DOS") (collectively, "Defendants").  The

10  FOIA Request submitted to each of the four Defendants sought responses to 12 individually numbered

11  Items.  Defendants further note that this means a total of 48 separate Items were submitted across all

12  four Defendants.  On October 10, 2019, Plaintiffs filed the instant action to compel Defendants to

13  further respond to the FOIA Request and produce responsive records.  *See* Dkt. No. 1.

14    On February 7, 2020, the parties submitted a Joint Case Management Statement ("JCMS").  *See*

15  Dkt. No. 23.  On February 14, 2020, the Court held an Initial Case Management Conference.  *See* Dkt.

16  No. 24.  Since that February 14, 2020 Initial Case Management Conference, the parties have met and

17  conferred several times, and exchanged correspondence in an effort to narrow the issues, as reflected

18  herein, and in previous Joint Status Reports.  *See* Dkt. Nos. 29 and 30.  On April 2, 2020 the Court

19  granted DOS and FBI's Unopposed Administrative Motion to Stay.  *See* Dkt. 27 (Administrative Motion

20  to Stay) and Dkt. 28 (Order).  The stay ended on June 1, 2020.  Status Update

21    **A.    Agency Updates and Positions**

22       **1.    DOS**

23    As noted in the previous Joint Status Report, because of the adverse impact of the COVID-19

24  pandemic on DOS's FOIA processing capabilities, on April 2, 2020, the Court granted DOS's motion to

25  stay all proceedings as to DOS for a period of 60 days.  *See* Dkt. Nos. 27, 27-3, 28, 29 at 3.  That stay

26  expired on June 1, 2020—one day before the date of this Joint Status Report.  But for deadlines

27

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                                 2

1   impacted by that stay, DOS has satisfied all deadlines expressly proposed in its respective scheduling

2   sections of the JCMS and Joint Status Reports.  *See* Dkt. Nos. 23, 29, 30.

3          In the May 4, 2020, Joint Status Reports (Dkt. No. 30), DOS represented that it was finalizing

4   telework agreements and trainings for a subset of its FOIA operations employees, and anticipated being

5   "able to begin processing documents for this case by . . . June 1, 2020."  *See* Dkt. No. 30 at 3.  Those

6   measures have proceeded apace, and DOS is now in a position to begin using its new document review

7   platform, FOIAXpress, to process the unclassified documents that have been deemed potentially

8   responsive to Plaintiff's request.  DOS's next production of documents drawn from that pool will occur

9   on June 25, 2020, though DOS does not yet know how many pages that production will contain.

10  Notably, DOS is still unable to access, review, or process any classified material and will remain unable

11  to do so until the personnel assigned to this case can safely operate on-site in DOS workspace.

12         On March 31, 2020, two days before a 60 day stay was implemented as to DOS because of the

13  COVID-19 pandemic, DOS received a letter from Plaintiffs.  *See* Dkt. Nos. 28, 29 at 4.  As of this Joint

14  Status Report, only three days have passed since DOS's receipt of that letter during which this case was

15  not stayed as to DOS because of the COVID-19 pandemic.  *See* Dkt. Nos. 28, 29 at 4.  DOS's position is

16  that Plaintiffs' March 31, 2020, letter requested premature relief based on assumption that DOS's March

17  12, 2020, production was DOS's final production—it was not, as evidenced at least by this Joint Status

18  Report providing that another production will occur on June 25, 2020.  *See* Dkt. No. 29 at 4.  In any

19  event, DOS will send a response to the March 12 letter before June 15, 2020, and will endeavor to

20  develop a more detailed production plan to which it can commit in view of resources which continue to

21  be limited by the COVID-19 pandemic.  Given DOS's commitments here—including a production on

22  June 25, 2020—and that the stay expired on June 1, 2020, DOS's position is that no teleconference as to

23  DOS would be productive at present.

24                    **2.      DOJ-OIP**

25         DOJ-OIP is on track per the plan described in the May 4, 2020, Joint Status Report (Dkt. No. 30

26  at 3-4).  DOJ-OIP has satisfied all deadlines expressly proposed in its respective scheduling sections of

27  the JCMS and Joint Status Reports.  *See* Dkt. Nos. 23, 29, 30.

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                                          3

1        **3.        FBI**

2        As noted in the previous Joint Status Report, because of the adverse impact of the COVID-19

3    pandemic on the FBI's FOIA processing capabilities, on April 2, 2020, the Court granted the FBI's

4    motion to stay all proceedings as to the FBI for a period of 60 days.  *See* Dkt. Nos. 27, 27-2, 28, 29 at 5.

5    That stay expired on June 1, 2020—one day before the date of this Joint Status Report.  But for

6    deadlines impacted by that stay, FBI has satisfied all deadlines expressly proposed in its respective

7    scheduling sections of the JCMS and Joint Status Reports.  *See* Dkt. Nos. 23, 29, and 30.

8        As previously reported, the COVID-19 pandemic has caused significant disruptions to the FBI's

9    FOIA processing.  Indeed, on March 17, the FBI's FOIA processing unit was required to shut down its

10   operations entirely.  On April 29, 2020, the FBI's FOIA processing unit—RIDS—resumed operations

11   on a limited basis.  When work resumed, no more than 1/3 of RIDS employees were permitted to work

12   on any given day.  In addition to the impact of having less RIDS employees working at any given time,

13   the FBI's FOIA's operations have been further impacted by reports of COVID-19 diagnoses within the

14   RIDS staff.  For instance, shortly after RIDS resumed operations, it learned that an employee who

15   reported to work was symptomatic for COVID-19 and it was determined that another employee who

16   reported to work had been potentially exposed to a positive COVID-19 case.  Thus, RIDS was again

17   closed to allow the workspace to be cleaned.  These additional closures, along with the limited staffing,

18   prevent the FBI from resuming full processing operations.  RIDS has recently, as early as this week,

19   increased staffing levels but overall the FBI's FOIA operations thus remain significantly reduced.

20   Moreover, the future impacts of COVID-19 on staffing levels are unpredictable.

21       Considering these limitations, and in an effort to be equitable and process records in as many

22   cases as possible (many of which predated Plaintiffs' request and lawsuit), RIDS' goal upon reopening

23   was to process some pages for every case with a pending processing schedule.  As of this date, RIDS is

24   processing some pages for this case.  On Friday, May 29, 2020—one day before the expiration of the

25   stay—RIDS was able to complete processing of 81 pages and released 35 pages in full or with

26   redactions.  A response regarding these 81 pages was sent via FedEx to Sean Riordan on May 29, 2020,

27   to his address of record for the above captioned case, which is 39 Drumm Street, San Francisco, CA,

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                                                    4

1    94105.  A review of the tacking number reveals that an unsuccessful delivery attempt was made by

2    FedEx on June 2, 2020, and that delivery may be impacted by "local restrictions and curfews in certain

3    areas."  During a meet and confer on June 2, 2020, Plaintiffs indicated that Mr. Riordan's office is in

4    Sacramento, CA, and requested that the FBI send all future productions to the undersigned counsel of

5    record for Plaintiffs, which the FBI has agreed to endeavor to do.

6         These 81 page are responsive to Items 4 and 5 only.  The FBI anticipates continuing to facilitate

7    monthly rolling productions in the same order as detailed in the Joint Case Management Statement.  *See*

8    Dkt. No. 23 at 5-6; *see also* Dkt. No. 29 at 6 ("Once FBI resumes operations, it tentatively anticipates

9    facilitating rolling productions in the same order as detailed in the JCMS."); Dkt No. 30 at 5 ("the FBI

10   intends to provide a plan to move this case forward with the resources available to it before the next

11   Joint Status Report is due in this case," which the FBI did contemporaneous with the circulation of a

12   draft form of this Joint Status Report on May 29, 2020).  The FBI has determined that approximately

13   239 pages are currently pending processing, including for exemptions, in this case and that these pages

14   may be processed over the next two months, with releases in June and July.  These approximately 239

15   pages are responsive to Items 1, 4, and 5.  After a search, the FBI has not located Items responsive to

16   Items 7, 8, 9, or 10.

17        Additionally, because these pages are still pending processing for exemptions, the number of

18   pages released may be less than 239, and the information within these approximate 239 pages may

19   contain information relevant to other government agencies (OGAs), thereby requiring consults that may

20   extend the time period for processing because the FBI does not know the status of FOIA operations at

21   other agencies.

22                    **4.    DHS**

23        DHS's position is that it will not be conducting a search except as to Item 12.  *See* Dkt. Nos. 29

24   at 6; 30 at 5.  DHS had indicated that the search is ongoing for Item 12.  DHS has also indicated that it is

25   not possible to provide any additional information as to a processing schedule until the search is

26   complete and DHS knows the number of responsive pages.  As indicated by DHS in the prior Joint

27

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                                                         5

1    Status Reports (Dkt. Nos. 29 and 30), if there are more than approximately 400 pages of responsive

2    material, DHS would tentatively be inclined to make rolling releases.

3          It is DHS's position that it should not be put to the burden of searching for FOIA Request Items

4    other than Item 12 because the other Items are not the subject of proper FOIA requests as to DHS and /

5    or because the Items do not relate to DHS headquarters functions.  Defense counsel has not found any

6    case law addressing this issue, and therefore would appreciate the Court's guidance, as it is a threshold

7    issue that must be resolved before this case can move forward as to DHS.

8          **B.      Plaintiffs' Statement and Request for Telephonic Status Conference**

9          Plaintiffs respectfully request a telephonic status conference, at the Court's earliest convenience,

10   to discuss how processing of Plaintiffs' FOIA Request can proceed more expeditiously.  To date, nearly

11   a year and half after Plaintiffs submitted their FOIA Request and approximately eight months since

12   Plaintiffs initiated this action, Defendants have collectively released 24 pages of responsive material, 5

13   pages of which were heavily redacted and 19 pages of which were withheld in their entirety with no

14   reasonable explanation as to why.  Although the parties have continued to meet and confer, the meet and

15   confer process has largely consisted of minimal status "updates" in the form of the monthly Joint Status

16   Reports, with little, if any, progress being made in between each JSR.

17         Plaintiffs have attempted to obtain more than the minimal status updates contained in the JSRs

18   by posing specific questions regarding the status of each Defendant's searches and productions on

19   multiple occasions in between the preparation of JSRs.  Apart from DOJ-OIP, Plaintiffs have largely

20   received no response from Defendants.  For example, as noted in the April 3, 2020 JSR, on March 31,

21   2020 Plaintiffs sent Defendant DOS a detailed letter following its initial release of responsive records on

22   March 12, 2020.  The letter raised issues with the scope and propriety of the redactions and withholdings

23   in DOS's initial production and requested that DOS provide a *Vaughn* index.  Plaintiffs' letter also

24   sought details regarding the scope of and procedures underlying DOS's search for responsive records

25   and a commitment to a production schedule going forward.  Plaintiffs letter was not premised on an

26   assumption that DOS's production is complete – Plaintiffs fully understand and expect that DOS will

27   continue to produce additional records beyond the 5 pages of records produced to date now that the stay

28

**JOINT STATUS REPORT**

1   of production has ended.  Notwithstanding the fact that Defendants have been in receipt of Plaintiffs'

2   specific questions for more than two months, Plaintiffs have still been unable to obtain any substantive

3   response.

4         Likewise, following the filing of the May 4, 2020 JSR, on May 6, 2020, Plaintiffs followed up

5   regarding the minimal updates from Defendant DHS and raised six specific questions with regard to the

6   scope and process of DHS's search for records responsive to Item 12 and requested further explanation

7   of DHS's evaluation process for the six other Items that DHS was evaluating.  Plaintiffs noted that the

8   purpose of their email was to make progress on those issues before filing this JSR.  Plaintiffs received

9   no response for over a week.  After following up again, defense counsel indicated that he would let

10   Plaintiffs know as soon as DHS had something to share.  Plaintiffs received no further response from

11   DHS until reviewing the draft of this JSR, in which DHS indicated that it will not be conducting

12   searches for any Items other than Item 12.  The JSR update provides no specific information about the

13   scope of and procedure undertaken to accomplish DHS's search for Item 12 and no substantive

14   justification for DHS's current position that it will not conduct a search for records responsive to Items

15   1, 2, 7, 8, 9, and 10.  In a subsequent meet and confer between the parties regarding DHS's position,

16   defense counsel explained that he could not provide any additional information regarding DHS' refusal

17   to search for records responsive to Items 1, 2, 7, 8, 9, and 10.

18         Finally, with regard to the FBI, Plaintiffs note that they have not yet received the production that

19   FBI sent to Mr. Riordan on May 29, 2020 and were unaware that FBI had made any progress on

20   processing or releasing responsive records until preparing the draft of this JSR.  Plaintiffs plan to meet

21   and confer with FBI once receiving and reviewing the May 29 production.  Plaintiffs also plan to meet

22   and confer with FBI regarding its determination that it has not located records responsive to Items 7, 8,

23   9, 10, but note that they were unaware of this determination until working with Defendants to prepare

24   this draft JSR.

25         Plaintiffs are confident that, with the Court's assistance, the parties can identify reasonable ways

26   to facilitate more frequent and more transparent communication, and work towards discrete production

27   plans for each Defendant agency, similar to the plan developed for  DOJ-OIP.

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC

1    DATED: June 2, 2020                    Respectfully submitted,

2                                                        DAVID L. ANDERSON
                                                         United States Attorney
3

4                                                        */s/ J. Wesley Samples*
                                                         J. WESLEY SAMPLES
5                                                        Assistant United States Attorneys

6                                                        Attorneys for Defendants

7

8    DATED: June 2, 2020                    Respectfully submitted,

9                                                        */s/ Elyssa J. Romino*                    [1]
                                                         THOMAS V. LORAN III
10                                                       ELYSSA J. ROMINO

11                                                       Attorneys for Plaintiffs

12                                                       ADDITIONAL COUNSEL

13                                                       MUSLIM ADVOCATES
                                                         MATTHEW W. CALLAHAN (SBN 307782)
14                                                       matthew@muslimadvocates.org
                                                         P.O. Box 34440
15                                                       Washington, DC  20043
                                                         Telephone: (202) 897-2622
16                                                       Fax: (202) 508-1007

17                                                       INTERNATIONAL REFUGEE ASSISTANCE
                                                         PROJECT
18                                                       MELISSA S. KEANEY (SBN 265306)
                                                         mkeaney@refugeerights.org
19                                                       PO Box 2291
                                                         Fair Oaks, CA 95628
20                                                       Telephone: (916) 546-6125

21                                                       ACLU OF NORTHERN CALIFORNIA
                                                         SEAN RIORDAN (SBN 255752)
22                                                       SRiordan@aclunc.org
                                                         39 Drumm Street
23                                                       San Francisco, CA  94105
                                                         Telephone:  (415) 621-2493
24                                                       Fax:  (415) 255-1478

25                                                       Attorneys for Plaintiffs

26    _____

27    [1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury*
      *that all signatories have concurred in the filing of this document.*

28

**JOINT STATUS REPORT**
3:19-cv-06809-MMC                                                                                                    8